**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW HAMPSHIRE**

State of New Hampshire

   v.                                                         Case No. 21-cr-128-JL

Grace Woodham

**REPORT AND RECOMMENDATION**

Before the court is Grace Woodham's "Motion for Change of Venue" (Doc. No. 1), which the Court has construed and docketed as the initial filing in an action seeking removal, to this court, of a State court criminal case: State v. Woodham, No. 215-CR-2019-259, 425, 215 (N.H. Super. Ct., Grafton Cty.) ("Criminal Case"). The matter is before the undersigned Magistrate Judge for review. See 28 U.S.C. § 1455; LR 4.3(d)(2).

**Background**

I.   State Court Criminal Case

Ms. Woodham was charged in the Grafton County Superior Court ("GCSC") with misdemeanor and felony offenses, including stalking, resisting arrest, criminal trespass, contempt, and drug crimes. See June 10, 2019 Compl., Criminal Case; July 19, 2019 Indictment, id.; Oct. 11, 2019 Indictment, id. According to the public docket in the Criminal Case, the GCSC issued a

bail order on August 13, 2019, id.; held a video arraignment/bail hearing on November 12, 2019, id.; and entered a "Waiver of Arraignment – Bail Order" by agreement of the parties on December 3, 2019, id.

The GCSC docket sheet indicates that the criminal charges brought against Ms. Woodham in the GCSC were dismissed without prejudice on January 12, 2021.  Id.  It appears that the GCSC then conducted civil commitment proceedings in the Criminal Case, based on Ms. Woodham's alleged dangerousness, and that, pursuant to those proceedings, Ms. Woodham was civilly committed on that basis on July 23, 2021.  See id.[1]

II. Request for Removal

Ms. Woodham asserts that she is seeking removal: (1) to address a violation of her "Due Process rights under the 14th amendment"; and (2) because "[p]rosecutors, police & witnesses have suppressed & falsified evidence in violation of [*illegible*] & Brady which are (axiomatically) material to the outcome." Doc. No. 1, at 1.  Ms. Woodham's removal filing does not assert any additional information about her due process claims, or any

---

[1] The GCSC docket sheet indicates that on October 13, 2021, Ms. Woodham appealed the GCSC's decision in the civil commitment proceedings to the New Hampshire Supreme Court ("NHSC").  It appears that the GCSC closed Ms. Woodham's criminal case on April 27, 2022.  Neither the docket nor Ms. Woodham's filings in this case reveal the status of her NHSC appeal.

2

other claims. See id. In addition, Ms. Woodham, in her removal notice, asks this Court to direct the Grafton County Jail ("GCJ") to obtain copies of the Federal Rules of Civil Procedure and this Court's local rules, presumably for use by individuals incarcerated at that facility. See id.

## Discussion

I. Removal

   A. Standard

"State criminal defendants may remove state criminal prosecutions to federal court in 'rare circumstances.'" New Hampshire v. Strahan, No. 17-cr-183-JL, 2017 U.S. Dist. LEXIS 215678, at *1, 2017 WL 6949513, at *1 (Dec. 19, 2017), R&R approved, 2018 U.S. Dist. LEXIS 7343, at *1, 2018 WL 460223, at *1 (D.N.H. Jan. 17, 2018). "A removing defendant has the burden of establishing that a case is within the federal court's removal jurisdiction." Massachusetts v. Vilbon, Civ. Action No. 21-11510-IT, 2021 U.S. Dist. LEXIS 215309, at *2-*3, 2021 WL 5180237, at *1 (D. Mass. Nov. 8, 2021) (citing Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108 (1941)). The federal court must remand a removed state criminal case where the removal documents, on their face, fail to demonstrate that the matter is properly removed to federal court. See 28 U.S.C. § 1455(b)(4); LR 4.3(d)(2); see also Vilbon, 2021 U.S. Dist. LEXIS

215309, at *4, 2021 WL 5180237, at *2.  As Ms. Woodham is self-represented, this court construes her filings liberally.  See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam); Vieira v. De Souza, 22 F.4th 304, 311 (1st Cir. 2022).

### B.   Criminal Case is Closed

Ms. Woodham's criminal case in the GCSC was dismissed on January 12, 2021.  A state court criminal defendant may remove a state court "criminal prosecution[]" to a federal district court in the district "within which such prosecution is pending."  28 U.S.C. § 1455(a) (emphasis added).  "Critically, [§ 1455] refers to criminal 'prosecutions,' consistent with the notion that the point of removal is to have the trial go forward in a federal, rather than state, court."  Miller v. Louisiana, Civ. Action No. 18-14251, 2019 U.S. Dist. LEXIS 46013, at *5, 2019 WL 1293273, at *2 (Mar. 1, 2019), R&R approved, 2019 U.S. Dist. LEXIS 45494, at *1, 2019 WL 1277522, at *1 (E.D. La. Mar. 20, 2019).  Where a "criminal case is finished at the state trial court level, . . . removal to this trial court is improper after the case is closed."  Barber v. Vance, Case No. 3:16-cv-2105-AC, 2019 U.S. Dist. LEXIS 9224, at *5, 2019 WL 267874, at *2 (D. Or. Jan. 18, 2019).  Accordingly, removal of Ms. Woodham's state court criminal case is improper, as the state court matter is closed.

C.      Procedural Defect -- Time Limit

The procedural requirements for removing a state criminal case to this court include a time limit. "A notice of removal of a criminal prosecution shall be filed not later than 30 days after the arraignment in the State court, or at any time before trial, whichever is earlier." 28 U.S.C. § 1455(b)(1). "[The] statutory procedures for removal are to be strictly construed." Syngenta Crop Prot., Inc. v. Henson, 537 U.S. 28, 32 (2002). A state criminal case removed to the federal court after the thirty-day deadline may be remanded when there is no showing of good cause for the delay. See United States v. Palacios, No. 3:21-CR-76 JD, 2021 U.S. Dist. LEXIS 198117, at *3-*4, 2021 WL 4804167, at *2 (N.D. Ind. Oct. 14, 2021).

According to the GCSC docket in Ms. Woodham's criminal case, the latest date on which she was arraigned in that matter was December 3, 2019. And no trial was held in the Criminal Case, as the criminal charges were dismissed on January 12, 2021. Ms. Woodham did not file this removal action until August 5, 2021, which is nineteen months after she was arraigned in the GCSC, and eighteen months after the expiration of the thirty-day time limit set by § 1455(b)(1) for removing her state court criminal case to federal court. Ms. Woodham did not assert anything in the removal notice filed here which demonstrates good cause for extending that deadline. Accordingly, this

5

matter is properly remanded to the GCSC, as it was not timely filed here.

    D.   Constitutional Grounds- 28 U.S.C. § 1443(1)

Ms. Woodham, in her removal notice, claims violations of her Fourteenth Amendment due process rights, including her right to be provided with material exculpatory evidence in the State's possession. Section 1443(1) "authorizes removing a criminal case when necessary to enforce certain civil rights." Yashar'al v. Hopper, 849 F. App'x 591, 592 (7th Cir. 2021). "To remove a case under Section 1443(1), the criminal defendant must allege that [s]he has been denied a federal right arising under a specific law or statute protecting racial equality, and that [s]he cannot enforce his federal civil rights in his state court criminal proceedings." Massachusetts v. Libertad, Civ. Action No. 22-10131-DJC, 2022 U.S. Dist. LEXIS 27707, at *4, 2022 WL 479799, at *2 (D. Mass. Feb. 16, 2022) (citing Johnson v. Mississippi, 421 U.S. 213, 219 (1975)).

The due process violations Ms. Woodham alleges here do not provide a valid basis for removal of her state criminal case under § 1443(1). See Vlaming v. West Point Sch. Bd., 10 F.4th 300, 309 (4th Cir. 2021) (citing Georgia v. Rachel, 384 U.S. 780, 792, 803 (1966)). Ms. Woodham's removal notice fails to assert a violation of her right to racial equality, or that,

6

even if she could allege such a violation, that she would be unable to enforce that right in state court. Accordingly, Ms. Woodham has failed to assert sufficient facts to demonstrate that removal is the proper avenue for her to take to vindicate her due process rights.

### E. Remaining Sources of Removal Jurisdiction

Ms. Woodham's removal notice does not demonstrate that she is entitled to removal to this Court on any additional grounds upon which this Court can exercise its removal jurisdiction.

> The substantive grounds for removal of criminal cases are limited, as set forth in 28 U.S.C. § 1442 (allowing removal of actions against federal officers and agencies for acts done under color of law), 1442a (allowing removal of actions against members of the armed forces for acts done under color of their office), 1443(1) (allowing removal of actions where a person "is denied or cannot enforce in the [state] court ... a right under any law providing for [his] equal civil rights") and 1443(2) (allowing removal of actions for "any act under color of authority derived from any law providing for equal rights or for refusing to do any act on the ground that it would be inconsistent with such law").

Vilbon, 2021 U.S. Dist. LEXIS 215309, at *3, 2021 WL 5180237, at *1. Sections 1442(a) and 1443(2) are not applicable here because Ms. Woodham does not allege that she is a federal officer or the agent of a federal officer, and section 1442a is not applicable because Ms. Woodham does not allege that she is a member of the armed forces. As Ms. Woodham has failed to

provide any basis for conferring removal jurisdiction in this court, the district judge should summarily remand this matter to the state court. See 28 U.S.C. § 1455(b)(4).

II. <u>Injunctive Relief – GCJ Legal Materials</u>

Ms. Woodham was incarcerated at the GCJ at the time she filed the removal notice in this matter. In that notice, Ms. Woodham asks this Court to direct the GCJ to obtain copies of the Federal Rules of Civil Procedure and this Court's Local Rules for the use of those incarcerated at that facility. The Court is aware that Ms. Woodham has been transferred out of the GCJ, and is now incarcerated at the Secure Psychiatric Unit at the New Hampshire State Prison. Assuming, without deciding, that Ms. Woodham could seek such relief in a removal matter, the District Judge should deny Ms. Woodham's request for an order directing the GCJ to obtain particular legal materials, as that request has been mooted by her transfer out of that facility. <u>See</u> <u>Snell v. Neville</u>, 998 F.3d 474, 485 (1st Cir. 2021) ("An inmate generally loses the right to challenge prison conditions or policies at a particular facility when [she] transfers or leaves that prison because [her] complaints would no longer have any substantial impact on [her] life.") (internal quotation marks and citation omitted.

**Conclusion**

For the foregoing reasons, the District Judge should summarily remand this matter to the Grafton County Superior Court, and deny Ms. Woodham's request for injunctive relief. Any objections to this Report and Recommendation ("R&R") must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). The fourteen-day period may be extended upon motion.

Failure to file any objection within the specified time waives the right to appeal the district court's Order. See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016). Only those issues raised in the objection(s) to this R&R "'are subject to review in the district court.'" Id. Additionally, any issues "'not preserved by such objection are precluded on appeal.'" Id. (citations omitted).

*Andrea K. Johnstone*
Andrea K. Johnstone
United States Magistrate Judge

April 6, 2022

cc: Grace Woodham, pro se